## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LUBUTO MUSONDA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 23-CV-0030-CVE-CDL |
| | ) | |
| KAMERON HARVANEK, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## BRIEF IN SUPPORT OF PRE-ANSWER
## MOTION TO DISMISS HABEAS CORPUS PETITION
## AS TIME-BARRED UNDER THE STATUTE OF LIMITATIONS

Comes now Respondent, by and through the Attorney General of the State of Oklahoma, Gentner F. Drummond, and in support of his Motion to Dismiss Petition for Writ of Habeas Corpus, files the following brief in support.  For the reasons stated herein, Respondent respectfully asks this Court to dismiss the instant petition as time-barred under 28 U.S.C. § 2244(d)(1).[1]

## ARGUMENT AND AUTHORITY

### A.    Procedural History

Lubuto Musonda, hereinafter referred to as Petitioner, seeks to challenge his judgment and sentence in Tulsa County District Court Case No. CF-2015-770, wherein he was found guilty of Child Abuse by Injury (Count III), Robbery in the Second Degree (Count IV), Assault and Battery on a Police Officer (Count V), Assault and Battery (Count VI), and Cruelty to Animals (Count VII) (Doc. 1 at 6; Exhibit 1, Judgment and Sentence for Count III; Exhibit 2, Judgment and

---

[1] This Court's order calling for a response expressly states that, "[i]f a clear procedural bar exists and supports dismissal of the entire petition, respondent may file a motion to dismiss the petition." (Doc. 4). In the event this Court denies this motion to dismiss, Respondent respectfully requests permission to file a response on the merits.

Sentence for Count IV; Exhibit 3, Judgment and Sentence for Count V; Exhibit 4, Judgment and Sentence for Count VI; Exhibit 5, Judgment and Sentence for Count VII; Exhibit 6, Summary Opinion).[2, 3] On October 26, 2016, Petitioner was sentenced to consecutive sentences of ten (10) years imprisonment for Count III, seven (7) years imprisonment for Count IV, one (1) year imprisonment for Count V, ninety (90) days imprisonment for Count VI, and ninety (90) days imprisonment for Count VII (Exhibit 1; Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5). The trial court further ordered that Petitioner pay costs and fines (Exhibit 1; Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5).

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"), where he raised two grounds for relief:

1.  The trial court erred by not requiring the prosecution to divulge to [Petitioner] the findings of a private expert witness, retained by the state to rebut [Petitioner's] plea of not guilty by reason of insanity; and

2.  The trial court should have required the State to furnish whatever findings or other determinations the state's expert made to the court for an *in camera* determination as to whether those findings could be construed as exculpatory to [Petitioner].

(Exhibit 6, at 2). On January 10, 2019, the OCCA held that "no relief is required under the law and evidence," and therefore affirmed Petitioner's judgment and sentences (Exhibit 6, at 3). In reaching this holding, the OCCA elaborated that the findings in question constituted legal work product, and was therefore exempted from discovery under the Oklahoma Discovery Code (Exhibit 6, at 5). The OCCA further reasoned, "[g]iven that there is nothing in the record indicating a *Brady*

---

[2] All citations to docketed materials are to the page number in the CM/ECF header.

[3] Petitioner was also charged with Burglary in the First Degree (Count I), and Attempted Kidnapping (Count II) (Doc. 1 at 6; Exhibit 6, at 1). However, the jury acquitted Petitioner on both of these counts (Doc. 1 at 6; Exhibit 6, at 1).

violation occurred, we must presume the prosecutor, as an officer of the court, adhered to her oath," and that Petitioner's "mere speculation is insufficient to overcome this presumption and cause reversal" (Exhibit 6, at 8 (citing *Brady v. Maryland*, 373 U.S. 83 (1963))).

The following year, on January 13, 2020, Petitioner filed a *pro se* Application for Post-Conviction Relief in the district court, where he alleged that his Sixth Amendment rights were violated by the ineffective assistance of his trial counsel (Exhibit 7, Application for Post-Conviction Relief, at 2-3). A few days later, on January 28, 2021, Petitioner filed through counsel an Amended Application for Post-Conviction Relief and Request for an Evidentiary Hearing, as well as a brief in support of the same (Exhibit 8, Amended Application for Post-Conviction Relief and Request for an Evidentiary Hearing; Exhibit 9, Brief in Support of Amended Post-Conviction Application). Therein, Petitioner raised two grounds for relief. First, he argued that he received ineffective assistance of appellate counsel for failing to raise the following "plainly meritorious issues in violation of the Sixth and Fourteenth Amendment [sic]":

1. Appellate Counsel was ineffective for failing to raise Trial Counsel's ineffectiveness for failing to file a Motion for the Determination of Competency;

2. Appellate Counsel was ineffective for failing to raise Trial Counsel's ineffectiveness for failing to file a Motion to Dismiss for lack of Jurisdiction because Petitioner was exempt from prosecution because of a mental defect rendering him not criminally responsible for his actions; and

3. Petitioner has a Sixth Amendment right to the effective assistance of Appellate Counsel and Trial Counsel where that right extends to plea negotiations.

(Exhibit 9, at 8-13). Second, Petitioner asserted that appellate counsel was ineffective "for failing to raise trial counsel's ineffectiveness for failing to challenge the district court's subject matter jurisdiction because Oklahoma Constitution Article 1 § 3 provided exclusive jurisdiction to the

United States" (Exhibit 9, at 14-19). Petitioner concluded his application by requesting "that the Court hold an Evidentiary Hearing where he has raised a material fact issue about the actions of counsel" (Exhibit 9, at 19).

The State responded to Petitioner's Post-Conviction Application on May 14, 2021 (Exhibit 10, State's Response to Petitioner's Application for Post-Conviction Relief). Therein, the State argued that Petitioner had failed to demonstrate how the outcome of his direct appeal would have been any different had his appellate counsel raised the issues he raised in his application (Exhibit 10, at 6-10). The State went on to argue that Petitioner's jurisdictional claims are "directly contradicted by a long line of decisions from the Supreme Court of the United States and the OCCA, upholding the authority of the State of Oklahoma and other States to try non-Indians for crimes against non-Indians within Indian Country" (Exhibit 10, at 10). The State also emphasized that Petitioner "never claims that he or the victims of his offenses were Indian," and only argues that "the state of Oklahoma was without authority to try him because he committed his offense in 'Indian Country'" (Exhibit 10, at 13). For these reasons, the State argued that Petitioner has "entirely failed to meet his burden to show how his appellate counsel's performance was deficient" with respect to this "frivolous" claim (Exhibit 10, at 11, 13). The State concluded by noting that an evidentiary hearing was not necessary in this case, as the "consideration of Petitioner's claims may be disposed on the record and as a matter of law" (Exhibit 10, at 14-15).

The district court denied Petitioner's application on May 17, 2021 (Exhibit 11, Order Denying Petitioner's Application for Post-Conviction Relief). In reaching this holding, the court found that Petitioner "has failed to demonstrate prejudice, as the outcome of his direct appeal would not have been different" had trial counsel raised the various claims raised by Petitioner in his application (Exhibit 11, at 6-10). The district also rejected Petitioner's jurisdictional claim, and

noted that "[h]ad Petitioner's appellate counsel raised this argument on direct appeal, it would have undoubtedly been rejected" (Exhibit 11, at 14). The district court further held that an evidentiary hearing was not warranted in this case, as his application presented no material issues of fact (Exhibit 11, at 14-15). Petitioner appealed this holding to the OCCA, which affirmed the lower court's decision on November 30, 2021 (Exhibit 12, Order Affirming Denial of Post-Conviction Relief). In reaching this holding, the OCCA noted that its ruling in *State ex rel. Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021), precluded a retroactive application of *McGirt v. Oklahoma*, 140 S. Ct 2452 (2020), to void a final state conviction (Exhibit 12).

Over a year later, on February 10, 2023, Petitioner filed the instant habeas petition (Doc. 1). Therein, he raises the following grounds for relief:

1. The OCCA refused to address Petitioner's claim that Appellate Counsel was ineffective for failing to raise Trial Counsel's ineffectiveness for failing to move for the Determination of Competency; and

2. The OCCA did not address Petitioner's claim that Appellate Counsel was ineffective for failing to raise Trial Counsel's ineffectiveness for failing to file a Motion to Dismiss for lack of jurisdiction because Petitioner was exempt from prosecution because of a mental defect rendering him not criminally responsible for his actions.

(Doc. 1 at 17-23).[4] This Court should not entertain these claims, because Petitioner's petition is

---

[4] In the conclusion of Petitioner's habeas petition, he "respectfully prays this Court will issue an Order Granting the Writ **or set this case for an Evidentiary Hearing**" (Doc. 1, at 23) (emphasis added). This is the only instance throughout Petitioner's petition where an evidentiary hearing is suggested, and this cursory reference to such a hearing fails to explain the necessity for such a hearing, or what facts Petitioner hopes to prove if such a hearing were to be granted (Doc. 1 at 23). For these reasons, this Court should not construe this facially-deficient language as a properly-raised motion for an evidentiary hearing. *See Grant v. Trammell*, 727 F.3d 1106, 1025 (10th Cir. 2013) (recognizing that an argument can be waived "by inadequately briefing an issue"); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

5

time-barred under 28 U.S.C. § 2244(d).

**B.      Petitioner's challenge to his convictions in Tulsa County Case No. CF-2015-770 is time-barred.**

Under the AEDPA, state prisoners enjoy a one-year statute of limitations to seek a writ of

habeas corpus from federal court, running from the latest of four triggers:

A.   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

C.   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). And while properly filed post-conviction actions toll the statute of

limitations, any applications or post-conviction relief actions filed after the expiration of the

limitations period under 28 U.S.C. § 2244(d) cannot resuscitate an already-lapsed limitations

period. *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

**1.      Petitioner's petition is untimely under § 2244(d)(1)(A).**

Based on the application of § 2244(d)(1)(A), Petitioner has failed to file his petition within

the one-year statute of limitations contained within AEDPA, 28 U.S.C. § 2244(d)(1). The

following dates are relevant to the disposition of Respondent's limited response:

> **OCTOBER 26, 2016:** Petitioner was convicted and sentenced in Tulsa County District Court Case No. CF-2015-770 (Doc. 1 at 1; Exhibit 1; Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5).

> **JANUARY 10, 2019**: The OCCA affirmed Petitioner's convictions and sentences (Exhibit 6).

**APRIL 10, 2019:** Petitioner's judgment and sentences became final, as he did not seek a writ of certiorari from the United States Supreme Court ninety (90) days after the OCCA affirmed his convictions. *See Habteselassie v. Novak*, 209 F.3d 1208, 1209 (10th Cir. 2000) ("Because [the petitioner] did not file a petition for certiorari to the United States Supreme Court, the one-year period of limitation started to run ninety days after . . . his state court review was thus completed."); *Kirk v. Mullin*, 42 F. App'x 336, 337-38 (10th Cir. 2002) (unpublished)[5] (noting that an Oklahoma petitioner's judgment and sentence became final after "the Supreme Court has denied review of a petition for writ of certiorari, or, if no petition is filed, [after] ninety days within which the petition could have been filed has expired").

**APRIL 11, 2019:** Petitioner's one year period to file a petition for writ of habeas corpus began to run.

**JANUARY 13, 2020:** Petitioner filed an Application for Post-Conviction Relief, tolling his one-year statute of limitations to file for writ of habeas corpus (Exhibit 7; Exhibit 8; Exhibit 9). *See* 28 U.S.C. § 2244(d)(2).

**NOVEMBER 30, 2021:** Following the district court's denial of post-conviction relief, and Petitioner's timely appeal, the OCCA affirmed the denial of Petitioner's application (Exhibit 11; Exhibit 12).

**DECEMBER 1, 2021:** Petitioner's one year period to file a petition for writ of habeas corpus resumed running.

**MONDAY, FEBRUARY 28, 2022:** Petitioner's one year statute of limitations period to file a petition for writ of habeas corpus expired under AEDPA.

**FEBRUARY 10, 2023:** Petitioner filed the instant habeas petition in this Court (Doc. 1).

According to 28 U.S.C. § 2244(d)(1), Petitioner had one year from the date on which his convictions became final by the expiration of time for seeking direct review to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A). After the OCCA affirmed his convictions and

---

[5] All unpublished decisions are cited for persuasive value only pursuant to Fed. R. App. P. 32.1 and 10th Cir. R. 32.1(A).

sentences, Petitioner was given a ninety (90) day period for seeking a writ of certiorari from the United States Supreme Court, before his convictions became final. *See Neiberger v. McCollum*, 577 F. App'x 850, 853. Thus, Petitioner's convictions became final on April 10, 2019, when the time for filing a writ of certiorari expired. The statute of limitations began to run on the following day, April 11, 2019. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (the one-year statute of limitations begins to run the day after the judgment and sentence is final).

The tolling statute, 28 U.S.C. § 2244(d)(2), provides, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." In this case, Petitioner filed his first Application for Post-Conviction Relief on January 13, 2020 (Exhibit 7). While this filing served to toll his statute of limitations, it was not filed until 277 days had already elapsed on said statute of limitations. After the denial of post-conviction relief was affirmed by the OCCA on November 30, 2021, Petitioner's statute of limitations resumed on December 1, 2021 (Exhibit 12). Given the time that had lapsed prior to the filing of his first post-conviction application, Petitioner had eighty-eight (88) days left to timely file a habeas petition with this court. As a result of this, his statute of limitations expired on Monday, February 28, 2022, over eleven months before he filed his habeas petition on February 10, 2023 (Doc. 1). Petitioner's habeas petition is clearly not timely with respect to § 2244(d)(1)(A). Moreover, the only other triggering date invoked by Petitioner, who is represented by counsel and is not entitled to a liberal construction of his pleadings,[6] is § 2244(d)(1)(B). Accordingly, Respondent's analysis will turn to that provision.

---

[6] *See Rawle v. Wyoming Dep't of Corr. State Penitentiary Warden*, 390 F. App'x 769, 773 n.4 (10th Cir. Aug. 3, 2010) (unpublished) (observing that because the petitioner was represented by

### 2.       Section 2244(d)(1)(B) does not provide Petitioner a new triggering date.

Arguing that his habeas petition is timely, Petitioner asserts that "because of [his] mental condition and the treatment that he has endured with being placed in therapeutic seclusion that it was a State created impediment to him bringing the instant Petition." (Doc. 1 at 9). While this argument constitutes a clear invocation of § 2244(d)(1)(B), said argument must fail.

Under 28 U.S.C. § 2244(d)(1)(B), an impediment "created by State action in violation of the Constitution or laws of the United States" typically occurs "when the state thwarts a prisoner's access to the courts, for example, by denying an inmate access to his legal materials or a law library," and, importantly, "the state-created impediment must have actually prevented the inmate from filing his application." *Aragon v. Williams*, F. App'x 610, 613 (10th Cir. June 25, 2020) (unpublished) (citing *Garcia v. Hatch*, F. App'x 316, 318 (10th Cir. Aug. 28, 2009) (unpublished)). *See also Sigala v. Bravo*, 656 F.3d 1125, 1127 (10th Cir. 2011) ("Sigala's position is unavailing because the impediment he alleges is not 'State action in violation of the Constitution or laws of the United States.'" (quoting 28 U.S.C. § 2244(d)(1)(B))).

Here, none of the allegations raised by Petitioner amount to a State-created impediment. While Petitioner does nothing to expound upon the nature of his "mental condition," he also fails to demonstrate how this alleged condition was the result of unlawful State action. *See Torres v. Diaz*, No. 19-cv-01964-LAB-JLB, 2020 WL 7869488, at *5 (S.D. Cal. Dec. 31, 2020) (unpublished) ("[t]o the extent Petitioner contends that his mental illness is a basis for the application of § 2244(d)(1)(B), the argument fails because his mental illness is not a state-created impediment."); *Woods v. Matzen*, No. CV 17-05750, 2018 WL 2670679, at *3 (C.D. Cal. Apr. 5,

---

counsel, his "appellate filings [were] not entitled to the 'mandated liberal construction afforded to pro se pleadings'" (quoting *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999))).

2018) (unpublished) (holding that an "alleged impediment of a mental condition does not fall in the category of impediments contemplated by Section 2244(d)(1)(B)," where the petitioner's contentions "do not point to any action (or inaction) by state officials that prevented him from timely filing his federal habeas petition.").

Moreover, to the extent that Petitioner alleges that the nature of his incarceration has resulted in an unlawful impediment created by State action, such an argument is meritless. "Incarceration alone is not an impediment" under § 2244(d)(1)(B). *Moreno v. Lumpkin*, No. 7:20-cv-00231, 2021 WL 1799832, at *12 (S.D. Tex. Apr. 2, 2021) (unpublished). Petitioner also fails to show how the State's efforts to treat his mental condition could amount to unlawful State action under § 2244(d)(1)(B). *See U.S. ex rel. Flowers v. Gaetz*, No. 09 C 1303, 2010 WL 529443, at *7 (N.D. Ill. Feb. 10, 2010) (unpublished) ("Petitioner cites no authority that supports his theory that state-rendered mental health treatment could constitute a state impediment under § 2244(d)(1)(B), and this court is not aware of any precedent supporting such an argument.").

Even assuming *arguendo* that these vague and conclusory allegations are sufficient to show unlawful state action under § 2244(d)(1)(B), Petitioner has not shown how they *actually prevented* him from filing a timely habeas petition. Indeed, while apparently under the same conditions and treatment, Petitioner was able to file, through the representation of counsel, a state direct appeal and a state post-conviction application without impediment (Exhibit 6; Exhibit 7; Exhibit 8; Exhibit 9). Notably, the same counsel who filed Petitioner's Amended Application for Post-Conviction Relief (and brief in support of the same) on January 28, 2021, also filed Petitioner's instant habeas petition (Doc. 1; Exhibit 8; Exhibit 9). This same counsel also filed a timely appeal of the denial of post-conviction relief in the OCCA (Exhibit 12). Petitioner has failed to demonstrate how any of the "impediments" alleged by him prevented his retained counsel from

filing a timely habeas petition, especially where the same counsel was able to properly file many of Petitioner's pleadings in state post-conviction.

Based on the above argument and authority, § 2244(d)(1)(B) does not provide Petitioner a new triggering date for filing his habeas petition. And Respondent has already shown that he is untimely with respect to § 2244(d)(1)(A). Furthermore, Petitioner has failed to invoke any other trigger found in § 2244(d)(1). Thus, it is clear that Petitioner, who is represented by counsel and is not entitled to a liberal construction of his pleadings,[7] is time-barred by the statute of limitations.

### 3.    Petitioner is not entitled to equitable tolling or the gateway for actual innocence.

Petitioner does not argue in favor of equitable tolling, and this Court should not consider it. Courts may toll the limitation period for equitable reasons, but only where a petitioner has shown that he has diligently pursued his federal claims and that there were extraordinary circumstances which prevented him from filing a timely petition. *Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007). *See generally Holland v. Florida*, 560 U.S. 631, 645 (2010). Moreover, equitable tolling is "a rare remedy to be applied in unusual circumstances." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015) (quoting *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008)). The burden lies upon the Petitioner to make a specific showing that would justify this remedy. *Yang*, 525 F.3d at 928.

This Court has held that extraordinary circumstances that could warrant equitable tolling include "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). There is no indication in either the petition or the record that Petitioner's untimeliness was the result of external

---

[7] *See Rawle*, 390 F. App'x at 773 n.4.

forces beyond his own control. To the extent that Petitioner argues that his alleged mental condition presents an extraordinary circumstance, this Court has previously found that "[s]uch vague and conclusory allegations do not justify equitable tolling." *Elliot v. Jones*, No. 05-CV-478-TCK-PJC, 2006 WL 2711670, at *4 (N.D. Okla. Sept. 21, 2006) (unpublished) (rejecting a petitioner's request for equitable tolling where he "produced no evidence showing that . . . he faced such severe restrictions or he was so incapable of rational thought due to his mental condition that he could not take the steps necessary to file a petition for writ of habeas corpus."); *see also Alexander v. Cockrell*, 294 F.3d 626 (5th Cir. 2002) (habeas petitioner has burden of proof concerning equitable tolling and must demonstrate rare and exceptional circumstances warranting application of doctrine). This is especially the case here where this Petitioner has been represented by counsel since post-conviction and prior to his AEDPA statute of limitations lapsing. Absent any credible showing of extraordinary circumstances, this Court cannot grant equitable tolling. *See Menominee v. United States*, 577 U.S. 250, 255 (2016) (describing equitable tolling's diligence and extraordinary circumstances requirements as "two elements"). Therefore, as Petitioner neither pleads nor proves anything in support of equitable tolling, this Court should not consider such a remedy.

Petitioner has also not raised a claim of actual innocence to excuse his untimely filing. *See McQuiggin v. Perkins*, 569 U.S. 383, 398 (2013) (habeas petitioners can overcome the AEDPA statute of limitations by raising "a convincing claim of actual innocence"). Furthermore, Petitioner's mental competency claims are, at best, claims of legal innocence, not factual innocence. *See Freeman v. Zavaras*, 467 F. App'x 770, 776 (10th Cir. 2012) ("an insanity defense, even if justified, does not demonstrate factual innocence."); *Ameen v. Clayton*, No. CIV-19-00485-PRW, 2020 WL 2770179, at *1 (W.D. Okla. May 28, 2020) (unpublished) (holding that a

12

petitioner's untimely petition is not cured by allegations of insanity, noting that he "raises a claim of legal innocence, and not factual innocence."). Admittedly, the Tenth Circuit, in *Pacheco v. El Habti*, ___ F.4th ___, 2023 WL 2576457 (10th Cir. 2023), recently stated that, "when an affirmative defense negates all guilt, it can support a claim of actual innocence," though the court left open whether a partial defense can support a claim of actual innocence. *Id*. at 1188 n.8. However, in this case, Petitioner's counseled petition has failed argue or show that insanity constitutes a complete defense under Oklahoma law entitling him to the actual-innocence gateway. In any event, even if insanity is a complete defense, Petitioner's counseled petition fails to articulate any facts in support of his insanity theory that were not previously presented at trial. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (noting that a successful claim of actual innocence "requires petition to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial"). As such, Petitioner cannot invoke the gateway of actual innocence to excuse his untimely petition.

## **CONCLUSION**

The instant petition is clearly time-barred under 28 U.S.C. § 2244(d). For this reason, Respondent respectfully asks this Court to dismiss the petition.

Respectfully submitted,

**GENTNER F. DRUMMOND**
**ATTORNEY GENERAL OF OKLAHOMA**

**s/ Joshua H. Cole**
**JOSHUA H. COLE, O.B.A. #34253**
**ASSISTANT ATTORNEY GENERAL**
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921
Fax: (405) 522-4534

**Service email: fhc.docket@oag.ok.gov**
**ATTORNEYS FOR RESPONDENT**

## CERTIFICATE OF SERVICE

X    I hereby certify that on March 27th 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and a Notice of Electronic filing to the following ECF registrant:

        Debra K. Hampton, OBA #13621
        Hampton Law Office, PLLC
        3126 S. Blvd., #304
        Edmond, OK 73013

        s/ Joshua H. Cole

14