

IN THE DISTRICT COURT IN AND FOR
TULSA COUNTY, OKLAHOMA

| | | |
|---|---|---|
| LUBUTO MUSONDA | ) | |
| | ) | |
| Defendant/Appellant, | ) | |
| v. | ) | No. CF-2015-770 |
| | ) | |
| | ) | |
| STATE OF OKLAHOMA, | ) | |
| | ) | |
| Plaintiff/Appellee. | ) | |

DISTRICT COURT
F I L E D

JAN 1 3 2020

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

**APPLICATION FOR POST-CONVICTION RELIEF**

COMES NOW the defendant, Luboto Musonda, pursuant to 22 O.S. § 1088.1, and respectfully moves the Court for post-conviction relief, as follows:

1. <u>Nature of the Case, Disposition and Sentence</u>.

On February 6 and 7, 2015, a convoluted series of bizarre events (described by a responding Tulsa Police officer as ". . . a real mess"), resulted in the arrest of the defendant for several serious crimes. Those included: Count One, First Degree Burglary (21 O.S. 1431); Count 2, Attempted Kidnapping (21 O.S. 741); Count 3, Child Abuse by Injury (21 O.S. 843); Count 4, Robbery by Force or Fear (21 O.S. 791); Count 5, Assault and Battery on a Police Officer (21 O.S. 649); Count 6, Assault and Battery (21 O.S. 644); and Count 7, Cruelty to Animals (21 O.S. 1685). Tried from Monday August 29 through September 2, 2016, defendant offered a defense of insanity, specifically, paranoid schizophrenia, supported by the testimony of a qualified psychologist. The state chose not to present any expert testimony. Musonda was convicted of Counts 3 through 7, and acquitted of Counts 1 and 2. On October 24, 2016, the defendant was sentenced to 10 years confinement on Count 3, 7 years confinement on Count 4; 1 year confinement on Count 5, 90 days confinement on Count 6, and 90 days confinement on Count 7 – all to run consecutive to each other, for a total sentence of 19 years in the Department of Correction.

An appeal was filed. In the appeal, defendant raised two issues. First, defendant

EXHIBIT 7

contended that the trial court erred by not requiring the prosecution to divulge to the defendant the findings of a private expert witness who had been retained by the State, to rebut defendant's plea of not guilty by reason of insanity. Second, defendant contended that at the very least, the trial court should have required the State to furnish whatever findings or other determinations the State's retained and paid for expert furnished to the trial court for an *in camera* review to determine whether those findings could be considered exculpatory to the defendant.

The Court of Appeals affirmed Musonda's conviction on January 10, 2019, in a summary opinion, *Musonda v. State*, 2019 OK CR 1. The mandate was received by the District Court on January 19, 2019. This proceeding is filed within one year of that date.

2. <u>Issue Warranting Relief</u>.

Ineffective Assistance of Trial Counsel, in Violation of the Sixth Amendment.

A. Initially, we note that defense counsel failed to object to the testimony of Tulsa Police Officers Thomas McClain and Stephen Villareal. Both officers – neither of whom was qualified as an expert in the field -- testified that, in their opinion, at the time of the offense Musonda "might be" under the influence of K2, a synthetic drug, at the time of the incident. [Tr., 260-273; 284-85]. Rather than object, trial counsel bolstered the testimony of McClain and Villareal, by asking each to describe his experience with defendants who had admitted being under the influence of K2. [Tr., 266-67; 286-88].

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993)...the Supreme Court held that district courts act in a "gatekeeping role" to ensure that . . .expert testimony is relevant and reliable. . .An expert's opinion must be based on more than subjective belief or unsupported speculation." *Daubert, supra*, quoted in *Cox v. Glanz*, 2014 U.S. LEXIS 30506, (US Dist Ct. ND OK 2014). In the case at bar, the trial judge made no such determination. Musonda respectfully submits that trial counsel's failure to require the trial court to ensure that the "expert" testimony of the officers regarding their opinion of the cause of Musonda's behavior constituted ineffective assistance of counsel. Second, trial counsel was ineffective by failing to call witnesses, including but not limited to ER nurses, to testify regarding the behavior and demeanor of the defendant the day before the incident. Musonda had checked himself into the hospital because he was frightened by his thoughts and feelings.

B.  Counsel failed to contact personnel who would have been able to corroborate Dr. Gundy's diagnosis of the defendant.

1.  Following the trial, Musonda's family contacted several medical personnel who were involved, to varying degrees, in events leading up to the incident. Included in those witnesses was Dolores Arnold, an emergency room nurse who attended to Musonda. In a conversation with the defendant's sister, Arnold was of the opinion that Musonda was in the throes of a serious psychiatric episode, and should never have been released. It goes without saying that her opinion would have dovetailed neatly with that of Dr. Gundy, who testified at trial that the defendant was schizophrenic at the time of the incident.

2.  And the record clearly shows that Dr. Gundy was not alone in his opinion. A physician who saw Musonda before his release from St. Francis also suspected schizophrenia ["Patient appears severely delusional. I suspect schizophrenia, versus a manic episode secondary undiagnosed bipolar disorder." [Tr. p. 426]. This physician was never contacted by counsel. Other physicians who examined Musonda at Hillcrest Medical Center described Musonda as suffering from "psychosis not otherwise specified". [Tr. p. 427]. These physicians were never contacted by counsel.

3.  Counsel failed to obtain the initial 911 call made by the defendant on himself on February 6, 2015, which resulted in his being taken to St. Francis Hospital. The defendant plainly frightened by his condition.

C.  Since his incarceration, Musonda has twice been placed on suicide watch. These episodes resulted from Musonda failing to take prescribed psychotropic medication. Defendant respectfully submits that this is further evidence of his continuing condition.

3

*[signature]*

NEAL B. KIRKPATRICK

Neal B. Kirkpatrick, OK Bar. No.22801
2021 South Lewis Ave, Suite 335
Tulsa, Oklahoma 74104
918.949.4060 (Office)
918.949.4237 (Fax)
neal@nkirkpatricklaw.com

### CERTIFICATE OF SERVICE

I certify that on this 13th day of January, 2020, I have caused a true and correct copy of the above and foregoing pleading to be served on the Office of the District Attorney in and for Tulsa, County, Oklahoma, by United States Mail.

*[signature]*

NEAL B. KIRKPATRICK

4