

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| LUBUTO MUSONDA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CF-2015-770 |
| ) | Criminal Docket C |
| STATE OF OKLAHOMA, ) | Judge Moody |
| ) | |
| ) | |
| ) | |
| Respondent. ) | |

DISTRICT COURT
FILED

MAY 1 4 2021

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

## STATE'S RESPONSE TO PETITIONER'S APPLICATION FOR POST-CONVICTION RELIEF

**COMES NOW** the State of Oklahoma, by and through Stephen A. Kunzweiler, the duly elected District Attorney of District Fourteen (14), Tulsa County, State of Oklahoma, and Matt Kehoe, Assistant District Attorney, and submits its response to Petitioner's application for post-conviction relief filed January 28, 2021.

## STATEMENT OF THE CASE

On February 13, 2015, Lubuto Musonda (hereinafter "Petitioner"), was charged by an Information in Tulsa County case no. CF-2015-770 with Burglary, 1st Degree (Count One), Attempted Kidnapping (Count Two), Child Abuse by Injury (Count Three), Robbery by Force or Fear (Count Four), Assault and Battery on a Police Officer (Count Five), Assault and Battery (Count Six), and Cruelty to Animals (Count Seven). A preliminary hearing was held before the Honorable David Youll, Special Judge, on May 6, 2015. At the conclusion of the hearing, Judge Youll bound Petitioner over on all charged counts. On October 26, 2015, Petitioner, represented by counsel, entered a plea of not guilty and requested a jury trial. On the same date, Petitioner filed

1

EXHIBIT 10

a notice raising the defense of insanity. On September 2, 2016, Petitioner was found guilty by a jury on Counts Three, Four, Five, Six, and Seven, and acquitted on Counts One and Two.

Petitioner, represented by counsel, timely perfected a direct appeal of his conviction to the Oklahoma Court of Criminal Appeals. In support of his direct appeal, he raised the following propositions of error:

    I.    The trial court erred by not requiring the prosecution to divulge to the defendant the findings of a private expert witness, retained by the State to rebut Appellant's plea of not guilty by reason of insanity.

    II.    The trial court should have required the State to furnish whatever findings or other determinations the State's expert made to the court for an *in camera* determination as to whether those findings could be construed as exculpatory to the defendant.

The Oklahoma Court of Criminal Appeals rejected Petitioner's contentions and affirmed his conviction and judgment and sentence. *See Musonda v. State*, 2019 OK CR 1.

On January 28, 2021, Petitioner, represented by counsel, filed the instant application for post-conviction relief. In support of his application, Petitioner raises the following propositions of error:

    I.    Petitioner received ineffective assistance of appellate counsel for failing to raise plainly meritorious issues in violation of the Sixth and Fourteenth Amendment.

    II.    Appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness for failing to challenge the District Court's subject matter jurisdiction because Oklahoma Constitution Article I § 3 provided exclusive jurisdiction to the United States

Petitioner also requests an evidentiary hearing on his application for post-conviction relief.

## ARGUMENT AND AUTHORITY

### I.   Petitioner's appellate counsel was not ineffective

Petitioner's appellate counsel was not ineffective, and Petitioner has failed to meet his burden to show otherwise. The Court of Criminal Appeals in *Logan v. State*, 2013 OK CR 2, ¶ 5, 293 P.3d at 973, held that post-conviction claims of ineffective assistance of appellate counsel are reviewed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct.

2

2052, 80 L.Ed.2d 674 (1984). *See Smith v. Robbins*, 528 U.S. 259, 289, 120 S.Ct. 746, 765, 145 L.Ed.2d 756 (2000) ("[Petitioner] must satisfy both prongs of the *Strickland* test in order to prevail on his claim of ineffective assistance of appellate counsel."). Petitioner must show (1) deficient performance, by demonstrating that his appellate counsel's conduct was objectively unreasonable, and (2) resulting prejudice, by demonstrating a reasonable probability that, but for appellate counsel's unprofessional error, the result of his appeal would have been different. *See Logan*, 2013 OK CR 2, ¶ 5, 293 P.3d at 973. A court considering an ineffective assistance of counsel claim must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Harrington v. Richter*, 562 U.S. 86, 104, 131 S.Ct. 770, 787, 178 L.Ed.2d 624 (2011) (citing *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065).

The Court of Criminal Appeals has held that when evaluating a claim of ineffective assistance of appellate counsel, it is unnecessary to address the performance prong if the petitioner fails to establish prejudice. *Logan*, 2013 OK CR 2, ¶ 7, 293 P.3d at 974.

> This Court notes that if the State can show that a claim now asserted (as an example of ineffective appellate assistance) would have been properly *rejected* on direct appeal, then the postconviction applicant will be unable to show prejudice, and the assertion of ineffective appellate assistance for failing to raise that claim should be rejected accordingly.

*Id.* (emphasis in original).

A. Law regarding insanity and competency

In order to accurately address Petitioner's contentions raised in Proposition I of his application for post-conviction relief, a brief discussion of the law regarding insanity and competency is necessary, as it appears Petitioner confuses the two distinct legal concepts and the applicability to his case. Insanity exists as an affirmative defense to a criminal act. *See* 22 O.S.2008

§ 1161[1] ("An act committed by a person in a state of insanity cannot be punished as a public offense, nor can the person be tried, sentenced to punishment, or punished for a public offense while such person is insane."); 21 O.S. § 152(4) ("All persons are capable of committing crimes, except those belonging to the following classes: Mentally ill persons, and all persons of unsound mind, including persons temporarily or partially deprived of reason, upon proof that at the time of committing the act charged against them they were incapable of knowing its wrongfulness."); *Nauni v. State*, 1983 OK CR 136, ¶ 39, 670 P.2d 126, 134. The State, in a criminal prosecution, may rely upon a presumption that the defendant is sane. *Cox v. Page,* 1967 OK CR 152, ¶ 12, 431 P.2d 954, 956. The *M'Naghten* Rule is the test of criminal responsibility utilized in this State which holds that a person who was capable of distinguishing right from wrong *at the time an act was committed* is to be held responsible for that act. *See Revard v. State*, 1958 OK CR 106, 332 P.2d 967; *Suits v. State*, 1974 OK CR 159, ¶ 19, 507 P.2d 1261, 1264. This rule is applied when a defense of insanity is raised to determine whether an accused shall be held responsible for the commission of the act charged. *Matter of M.E.*, 1978 OK CR 26, ¶ 31, 584 P.2d 1340, 1347.

Competency, is defined as "the *present ability* of a person arrested for or charged with a crime to understand the nature of the charges and proceedings brought against him or her and to effectively and rationally assist in his or her defense." 22 O.S. § 1175.1(1)(emphasis added); *Dusky v. United States*, 362 U.S. 402, 80 S.Ct 788, 4 L.Ed.2d 824 (1960)(test for competency "must be whether he has sufficient *present ability* to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.")(emphasis added). Defendants are presumed competent, and it is their

---

[1] Law in place at time crime was committed. CITE cases.

4

burden to show otherwise. *See* 22 O.S. § 1175.4(B); *Walker v. State*, 1992 OK CR 10, ¶ 9, 826 P.2d 1002, 1005.

The determination of whether a sufficient doubt has been raised regarding a defendant's competency is left to the trial judge. *Gilbert v. State*, 1997 OK CR 71, ¶ 4, 951 P.2d 98, 103. Facts sufficient to raise a doubt concerning a defendant's competency to stand trial must be presented to the court, and merely having a mental illness or receiving treatment for a mental condition is not sufficient. *Id.* at ¶¶ 6-9; *see also Fox v. State*, 1974 OK CR 120, ¶ 17, 524 P.2d 60, 65 ("It is not sufficient for the defense counsel merely to say that he is unable to communicate with his client; and, that his client's mental processes seem to waver while he is discussing the case with him; and, that his client does not understand the seriousness of a charge, to constitute justification for a finding that the defendant is mentally incompetent. In considering this question it is necessary that we consider the entire record."); *Middaugh v. State*, 1988 OK CR 295, ¶ 7, 767 P.2d 432, 434–35 (mere fact appellant had been treated for a mental condition in the past, had a heart condition, and had a nervous condition was not enough to raise a sufficient doubt as to his mental capacity to stand trial); *Siah v. State*, 1992 OK CR 59, ¶¶ 8-10, 837 P.2d 485, 487 (lack of memory from substance abuse, trauma or a disease, does not create, per se, a lack of competence to stand trial).

When evidence raises a "bona fide doubt" as to a defendant's competence, the trial judge must hold a hearing on the issue. *Pate v. Robinson*, 383 U.S. 375, 385, 86 S.Ct. 836, 842 15 L.Ed.2d 815 (1966). The trial court may consider the defendant's behavior, his demeanor at trial, and any expert evidence on the issue. *Drope v. Missouri*, 420 U.S. 162, 180, 95 S.Ct. 896, 908, 43 L.Ed.2d 103 (1975); *Grant v. State*, 2009 OK CR 11, ¶ 8, 205 P.3d 1, 8. Typically, the court will rely heavily on the perceptions of defense counsel, whose job it is to consult with his client

personally, explain the proceedings to him, and obtain relevant information from him about how to proceed. *See Bryson v. Ward,* 187 F.3d 1193, 1201 (10th Cir.1999). It is well settled that the question of an accused's present competency to stand trial is an entirely different matter than the defense of insanity. *See Miller v. State,* 1988 OK CR 29, ¶ 8, 751 P.2d 733, 736-37.

B. Failure to raise ineffective assistance of trial counsel for not filing motion for determination of competency

Petitioner first contends that his appellate counsel was ineffective for not raising the issue of trial counsel's ineffectiveness regarding trial counsel's failure to file a motion to determine Petitioner's competency. However, Petitioner has failed to demonstrate prejudice, as the outcome of his direct appeal would not have been different had his appellate counsel raised this issue.

As noted above, defendants are presumed competent, and it is their burden to show otherwise. *See* 22 O.S. § 1175.4(B); *Walker,* 1992 OK CR 10, ¶ 9, 826 P.2d at 1005. Petitioner points to nothing in the record which would indicate that he was not competent at the time of his trial. Moreover, nothing in the record indicates that the trial judge or Petitioner's trial counsel had any doubts regarding his competence at the time of his trial. In fact, Petitioner's trial counsel represented to the trial court that he believed his client was in fact competent, notwithstanding his defense of insanity. *Trial Transcript, Volume IV,* p. 871, lines 15-18. The fact of his alleged mental illness was well known to his trial counsel, as he raised insanity as a defense. Merely because he had, at some point, been diagnosed with a mental illness is simply not enough to raise a doubt about his present competency. *See Gilbert,* 1997 OK CR 71, ¶¶ 6-9, 951 P.2d at 104; *Fox,* 1974 OK CR 120, ¶ 17, 524 P.2d at 65; *Middaugh,* 1988 OK CR 295, ¶ 7, 767 P.2d at 434–35; *Siah v. State,* 1992 OK CR 59, ¶¶ 8-10, 837 P.2d at 487.

Had trial counsel or the trial court harbored any doubts regarding Petitioner's competence as a result of his mental illness, they would have undoubtedly addressed that issue and adjudicated it before trying the matter. However, because his trial counsel did not raise this issue, taken in conjunction with the presumption of competency and the lack of any affirmative evidence that Petitioner was incompetent, one can easily infer that there was no "bona fide doubt" as to Petitioner's competency. Petitioner's trial counsel in fact represented to the court that there was not. Petitioner has simply failed to satisfy his burden on his application for post-conviction relief. Petitioner must present some proof of his assertions rather than bald allegations against his appellate attorney. Without such proof, this Court is entitled to rely upon the presumption of the regularity to which all judgments and sentences are entitled which appear regular upon their face. *Hatch v. State*, 1996 OK CR 37, ¶ 57, 924 P.2d 284, 296. As aptly stated by the Court of Criminal Appeals:

> It is fundamental that where a petition for writ of habeas corpus, or for post conviction appeal, is filed, the burden is upon the petitioner to sustain the allegations of his petition, and that every presumption favors the regularity of the proceedings had in the trial court. Error must affirmatively appeal, and is never presumed.

*Russell v. Cherokee County Dist. Ct.*, 1968 OK CR 45, ¶ 5, 438 P.2d 293, 294. Had Petitioner's appellate counsel raised this argument on direct appeal, it would have undoubtedly been rejected. Thus, he cannot demonstrate any resulting prejudice for failing to raise it in his direct appeal. *See Logan*, 2013 OK CR 2, ¶ 7, 293 P.3d at 974. Accordingly, Petitioner's claim must be denied.

C. <u>Failure to raise ineffective assistance of trial counsel for not filing a motion to dismiss for lack of jurisdiction based on mental illness or defect</u>

Petitioner next contends that his appellate counsel was ineffective for not raising the issue of trial counsel's ineffectiveness regarding trial counsel's failure to file a motion to dismiss for lack of jurisdiction because his mental illness or defect rendered him not criminally responsible.

7

However, Petitioner has failed to demonstrate prejudice, as the outcome of his direct appeal would not have been different had his appellate counsel raised this issue.

In this claim, Petitioner confuses and conflates affirmative defenses with jurisdiction. 21 O.S. § 152(4) provides that:

> All persons are capable of committing crimes, except those belonging to the following classes: Mentally ill persons, and all persons of unsound mind, including persons temporarily or partially deprived of reason, upon proof that at the time of committing the act charged against them they were incapable of knowing its wrongfulness.

*See also Pugh v. State*, 1989 OK CR 70, ¶ 5, 781 P.2d 843, 844. In essence, Petitioner argues that when he alleged insanity as a defense, it acted as a jurisdictional barrier for a court to hear his criminal case. However, this is incorrect.

Insanity is an affirmative defense and presents a fact issue for a jury. *See Gonzales v. State*, 1964 OK CR 1, ¶ 19, 388 P.2d 312, 317 (noting that insanity is a defense and defendant must raise it); *Hodges v. State*, 182 P. 260, 263, 16 Okla.Crim.183 (1919) (defendant's theory of insanity "presented an issue of fact entirely for the consideration and determination of the jury."); *January v. State*, 181 P 514, 517, 16 Okla.Crim. 166 (1919)(same). Jurisdiction, on the other hand, "when applied to courts, is defined to be the power to hear and determine a cause." *See Ex parte Wade*, 100 P. 35, 38, 2 Okla. Crim 100 (1909). The existence of insanity as an affirmative defense, when raised by a defendant in a criminal case, does not deprive the district court of power to hear and determine that cause. District courts have general unlimited jurisdiction over all justiciable matters. *See* Okla. Constitution, Article 7, § 7. Whether a person is not guilty of a crime by reason of insanity is one of those justiciable matters, and Oklahoma statutes provide for the opportunity to have that factual issue adjudicated. *See* 22 O.S. §§ 1161-1170. Indeed, the court must be able to

8

exercise jurisdiction over a defendant claiming insanity as a defense, in order to properly adjudicate the fact of insanity.

Petitioner's claim to the contrary is entirely baseless and contrary to law. Moreover, it is contrary to fact, as the jury clearly considered, and rejected, his defense of insanity. Merely raising insanity as an affirmative defense did not cause the district court to lose its power to hear and determine this case. Rather, it simply gave the court and a jury a legal principle to adjudicate, as applied to the set of facts before it in order to determine the case. Had Petitioner's appellate counsel raised this argument on direct appeal, it would have undoubtedly been rejected. Thus, he cannot demonstrate any resulting prejudice for failing to raise it in his direct appeal. *See Logan*, 2013 OK CR 2, ¶ 7, 293 P.3d at 974. Accordingly, his claim should be denied.

### D. Failure to raise ineffective assistance of trial counsel regarding Petitioner's competency and plea negotiations

Petitioner last appears to contend that his appellate counsel was ineffective for not raising the issue of trial counsel's ineffectiveness regarding Petitioner's competency and his ability to understand plea negotiations. However, Petitioner has failed to demonstrate prejudice, as the outcome of his direct appeal would not have been different had his appellate counsel raised this issue.

As noted above, defendants are presumed competent, and it is their burden to show otherwise. *See* 22 O.S. § 1175.4(B); *Walker*, 1992 OK CR 10, ¶ 9, 826 P.2d at 1005. Petitioner points to nothing in the record which would indicate that he was not competent to engage in plea negotiations. Indeed, Petitioner offers no such evidence. In fact, in addition to representing to the trial court that his client was competent, Petitioner's attorney further represented that a pela offer had been made to Petitioner, which he had rejected, resulting in the case being tried. *Trial*

9

*Transcript, Volume IV,* p. 872, lines 1-8. In an attempt to support his proposition, Petitioner merely bakes the bare, broad assertion that he could not comprehend the consequences of accepting or rejecting a plea. This singular statement, which is all Petitioner offers in the way of evidence to support his claim, is wholly insufficient to satisfy his burden on his application for post-conviction relief. Petitioner must present some proof of his assertions rather than bald allegations. Without such proof, this Court is entitled to rely upon the presumption of the regularity to which all judgments and sentences are entitled which appear regular upon their face. *Hatch v. State*, 1996 OK CR 37, ¶ 57, 924 P.2d 284, 296. As aptly stated by the Court of Criminal Appeals:

> It is fundamental that where a petition for writ of habeas corpus, or for post conviction appeal, is filed, the burden is upon the petitioner to sustain the allegations of his petition, and that every presumption favors the regularity of the proceedings had in the trial court. Error must affirmatively appeal, and is never presumed.

*Russell*, 1968 OK CR 45, ¶ 5, 438 P.2d at 294. Had Petitioner's appellate counsel raised this argument on direct appeal, it would have undoubtedly been rejected. Thus, he cannot demonstrate any resulting prejudice for failing to raise it in his direct appeal. *See Logan*, 2013 OK CR 2, ¶ 7, 293 P.3d at 974. Accordingly, Petitioner's claim must be denied.

**II.     The State had jurisdiction to try Petitioner and his appellate counsel was not ineffective for failing to raise the issue**

Petitioner next asserts that because Tulsa County is "Indian Country," the State lacked subject matter jurisdiction over Petitioner's offense "because exclusive jurisdiction was ceded to the United States under Okla. Const. art I, § 3." However, Petitioner's argument is directly contradicted by a long line of decisions from the Supreme Court of the United States and the OCCA, upholding the authority of the State of Oklahoma and other States to try non-Indians for crimes against non-Indians within Indian Country. *U.S. v. McBratney,* 104 U.S. 621, 624 (1881) ("The State of Colorado, by its admission into the union by Congress . . . has acquired criminal

jurisdiction over its own citizens and other white persons throughout the whole of the territory within its limits, including the Ute Reservation, and that reservation is no longer within the sole and exclusive jurisdiction of the United States."); *Draper v. U.S.,* 164 U.S. 240, 245 (1896) ("The mere reservation of jurisdiction and control by the United States of 'Indian lands' does not of necessity signify a retention of jurisdiction in the United States to punish all offenses committed on such lands by others than Indians or against Indians"); *U.S. v. Ramsey,* 271 U.S. 467, 559-60 (1926) ("The authority of the United States under section 2145 to punish crimes occurring within the state of Oklahoma, not committed by or against Indians, was ended by the grant of statehood"); *Goforth v. State,* 1982 OK CR 48, 644 P.2d 114, 116 (despite the broad language of 18 U.S.C. §§ 1152 and 1153 and Article I § 3 of the Oklahoma Constitution, federal jurisdiction "does not apply to crimes committed by non-Indians against non-Indians, which are subject to state jurisdiction"); *State v. Klindt,* 1989 OK CR 75, 782 P.2d 401, 403 ("Proof of one's status as an Indian under federal Indian law is necessary before one can claim exemption from prosecution under state law. This is necessary because federal jurisdiction over crimes committed in Indian Country does not extend to crimes committed by non-Indians against non-Indians.") (citations omitted); *McGirt v. Oklahoma,* 140 S.Ct. 2452, 2479 (2020) (The Major Crimes Act, 18 U.S.C. § 1153, "applies only to certain crimes committed in Indian country by Indians" and § 1152 "applies to a broader range of crimes by or against Indians in Indian country. States are otherwise free to apply their criminal laws in cases of non-Indian victims and defendants, including within Indian country.") (citation omitted).

As set forth in detail above, Petitioner's argument is contrary to law and completely without merit. Accordingly, this Court should reject Petitioner's frivolous argument as a basis for post-conviction relief. Further, Petitioner's argument that the State lacks subject matter jurisdiction of

11

all offenses in "Indian Country" because exclusive jurisdiction was ceded to the United States under Okla. Const. art I, § 3 also contradicts well-established authority from the Supreme Court of the United States ("Supreme Court") on this topic. [2] *See* Application pp. 14-16. In *Draper v. U.S.* 164 U.S.240, 243-47 (1896), the Supreme Court considered language from the Enabling Act and Constitution of Montana which is nearly identical to the language contained in the Enabling Act of Oklahoma, Fifty-ninth Congress, Sess. 1, Ch. 3335, p. 279-80, and Article 1 § 3 of the Oklahoma Constitution. *See* 11 Okl. Op. Att. Gen 345, *2 (1979). Following a review of this language, the *Draper* court concluded:

> As equality of statehood is the rule, the words relied on here to create an exception cannot be construed as doing so, if, by any reasonable meaning, they can be otherwise treated. The mere reservation of jurisdiction and control by the United States of 'Indian lands' does not of necessity signify a retention of jurisdiction in the United States to punish all offenses committed on such lands by others than Indians or against Indians.

*Draper,* 164 U.S. at 244-45. The *Draper* court further clarified that the language at issue, reserving jurisdiction and control over Indian lands to the United States, "was not intended to deprive that state of power to punish for crimes committed on a reservation or Indian lands by other than Indians or against Indians . . ." By analogy, the nearly identical language contained in the

---

[2] Petitioner's argument also contradicts authority from the Supreme Court of Oklahoma which interprets the disclaimer provision of O.S. Const. Art. 1 §. 3. Specifically, in *Currey v. Corp. Comm'n of Okla.* 1979 OK 89, 617 P.2d 177, 179, the Supreme Court of Oklahoma explained:

> Oklahoma's disclaimer of right and title to Indian lands is a disclaimer of proprietary rather than governmental interests. 'The State may well waive its claim to any right or title to the lands and still have all of its political or police power with respect to the actions of the people on those lands, as long as that does not affect the title to the land.'

*Id.*, (quoting from *Organized Village of Kake v. Egan,* 369 U.S. 60, 82 S.Ct. 562, 567 (1962)). The *Currey* court ultimately held that the Oklahoma Corporation Commission could regulate oil and gas activity on Indian lands because Art. 1 § 3 does not envision exclusive federal jurisdiction. *See Currey,* 617 P.2d at 180-81

Oklahoma Enabling Act, and Article 1 § 3 of the Oklahoma Constitution likewise does not deprive the State of Oklahoma of its authority to try non-Indians for crimes against non-Indians within Indian Country. *See id.*

Petitioner never claims that he or the victims of his offenses were Indian. Instead, he only argues, based on the Oklahoma Enabling Act and Oklahoma Constitution Art. 1 § 3, that the state of Oklahoma was without authority to try him because he committed his offense in "Indian Country." When faced with this same argument and nearly identical language, the *Draper* court ultimately held that the state of Montana had jurisdiction to try the non-Indian offender, who committed his offense on the Ute Indian reservation, and the federal district court did not. *See Draper*, 164 U.S. at 247. Likewise, this Court should reject Petitioner's argument and determine that the State has jurisdiction in his case.

To the extent Petitioner attempts to assert that his appellate counsel was ineffective for failing to raise this claim, he has entirely failed to meet his burden to show how his appellate counsel's performance was deficient or how he suffered any prejudice. Petitioner's "merely conclusory, unprovable, or unspecific claims of ineffective assistance of appellate counsel do not raise a genuine issue of material fact" and it is not the job of this Court to comb through the record or the law looking for support for Petitioner's claims. *Logan*, 2013 OK CR 2, ¶ 23, 293 P.3d 969, 978–79. Petitioner must present some proof of his assertions rather than bald allegations against his appellate attorney. Without such proof, this Court is entitled to rely upon the presumption of the regularity to which all judgments and sentences are entitled which appear regular upon their face. *Hatch v. State*, 1996 OK CR 37, ¶ 57, 924 P.2d 284, 296. As aptly stated by the Court of Criminal Appeals:

> It is fundamental that where a petition for writ of habeas corpus, or for post conviction appeal, is filed, the burden is upon the petitioner

13

> to sustain the allegations of his petition, and that every presumption favors the regularity of the proceedings had in the trial court. Error must affirmatively appeal, and is never presumed.

*Russell*, 1968 OK CR 45, ¶ 5, 438 P.2d at 294. Repeated conclusions that appellate counsel was ineffective are not sufficient proof. *Logan*, 2013 OK CR 2, ¶ 23, 293 P.3d at 978–79.

Petitioner's admission that "[t]his case presents a matter of first impression . . ." or a new legal argument, undermines his own brief assertion that his prior counsel were ineffective. Specifically, since it would not be "objectively unreasonable" for appellate counsel not to raise a completely novel legal argument, Petitioner's own admission belies his argument that his appellate counsel was ineffective when they failed to raise this argument. *See Logan*, 293 P.3d at 973. Thus, he has failed to show how his appellate counsel's performance was objectively unreasonable or fell below professional standards. Further, Petitioner fails to explain how his appellate counsel's failure to raise this jurisdictional argument would result in a different outcome in the result of the proceeding. Had Petitioner's appellate counsel raised this argument on direct appeal, it would have undoubtedly been rejected. Thus, he cannot demonstrate any resulting prejudice for failing to raise it in his direct appeal. Therefore, this Court should reject Petitioner's completely undeveloped assertion of ineffective assistance of counsel.

### III.   An evidentiary hearing is not necessary

Section 1084 of the Post-Conviction Procedure Act provides that an evidentiary hearing may be had where the application cannot be disposed of on the pleadings or where there is a material issue of disputed fact. 22 O.S.2011, § 1084. "[A petitioner] has no constitutional or statutory right to an evidentiary hearing on post-conviction review unless his application cannot be disposed of on the pleadings and the record or a material issue of fact exists." *Fowler v. State*, 1995 OK CR 29, ¶ 8, 896 P.2d 566, 566; *see also Logan*, 2013 OK CR 2, ¶¶ 20–22, 293 P.3d at 978. Here, a request for a hearing contains no material dispute for which an evidentiary hearing is

14

necessary to resolve because, as discussed herein, consideration of Petitioner's claims may be disposed on the record and as a matter of law. *See* 22 O.S.2011, § 1083(C). Therefore, this Court should decline to conduct an evidentiary hearing.

## CONCLUSION

Based on the argument and authority cited above, the State of Oklahoma respectfully requests this Court to enter an Order denying Petitioner's application for post-conviction relief, as there are no genuine issues of material fact and the State is entitled to judgment as a matter of law.

Respectfully submitted,

STEPHEN A. KUNZWEILER
DISTRICT ATTORNEY

By: *[signature]*
Matt Kehoe, OBA # 22615
Assistant District Attorney
Tulsa County District Attorney's Office
500 S. Denver Ave., Ste. 900

## CERTIFICATE OF MAILING

I certify that on the date of filing, a true and correct copy of the above and foregoing Response to Petitioner's Application for Post-Conviction Relief was mailed to:

Ms. Debra Hampton
3126 South Boulevard #304
Edmond, OK 73013
Attorney for Petitioner

*[signature]*
Matt Kehoe, OBA # 22615
Assistant District Attorney
Tulsa County District Attorney's Office
500 S. Denver Ave., Ste. 900
Tulsa, OK 74103
(918) 596-4805