

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| LUBUTO MUSONDA, | ) | **Certified copy to Defendant** |
| Petitioner, | ) | |
| v. | ) | Case No. CF-2015-770 |
| | ) | Criminal Docket C |
| STATE OF OKLAHOMA, | ) | Judge Moody |
| Respondent. | ) | |

**DISTRICT COURT**
**FILED**
**MAY 17 2021**
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

### ORDER DENYING PETITIONER'S APPLICATION FOR POST-CONVICTION RELIEF

**NOW** this day, this matter comes on for consideration of Petitioner's second application for post-conviction relief filed January 28, 2021. The Court, having reviewed Petitioner's application, the State's response thereto, the trial transcript, the opinion of the Oklahoma Court of Criminal Appeals in *Musonda v. State*, 20019 OK CR 1, 435 P.3d 694, and the docket sheet in this matter, being fully advised, finds as follows:

The matter under consideration does not present any genuine issue of material fact requiring a formal hearing with the presentation of witnesses and the taking of testimony. *Johnson v. State*, 1991 OK CR 124, 823 P.2d 370. The matter will therefore be decided based on the records this Court has stated it has reviewed.

### STATEMENT OF THE CASE

This Court finds that the relevant history provided in the State's "Response to Application for Post-Conviction Relief" to be accurate, and will recite that history here.

On February 13, 2015, Lubuto Musonda (hereinafter "Petitioner"), was charged by an Information in Tulsa County case no. CF-2015-770 with Burglary, 1st Degree (Count One),

**EXHIBIT 11**

1

Attempted Kidnapping (Count Two), Child Abuse by Injury (Count Three), Robbery by Force or Fear (Count Four), Assault and Battery on a Police Officer (Count Five), Assault and Battery (Count Six), and Cruelty to Animals (Count Seven). A preliminary hearing was held before the Honorable David Youll, Special Judge, on May 6, 2015. At the conclusion of the hearing, Judge Youll bound Petitioner over on all charged counts. On October 26, 2015, Petitioner, represented by counsel, entered a plea of not guilty and requested a jury trial. On the same date, Petitioner filed a notice raising the defense of insanity. On September 2, 2016, Petitioner was found guilty by a jury on Counts Three, Four, Five, Six, and Seven, and acquitted on Counts One and Two.

Petitioner, represented by counsel, timely perfected a direct appeal of his conviction to the Oklahoma Court of Criminal Appeals. In support of his direct appeal, he raised the following propositions of error:

> I. The trial court erred by not requiring the prosecution to divulge to the defendant the findings of a private expert witness, retained by the State to rebut Appellant's plea of not guilty by reason of insanity.
> II. The trial court should have required the State to furnish whatever findings or other determinations the State's expert made to the court for an *in camera* determination as to whether those findings could be construed as exculpatory to the defendant.

The Oklahoma Court of Criminal Appeals rejected Petitioner's contentions and affirmed his conviction and judgment and sentence. *See Musonda v. State*, 2019 OK CR 1.

On January 28, 2021, Petitioner, represented by counsel, filed the instant application for post-conviction relief. In support of his application, Petitioner raises the following propositions of error:

> I. Petitioner received ineffective assistance of appellate counsel for failing to raise plainly meritorious issues in violation of the Sixth and Fourteenth Amendment.
> II. Appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness for failing to challenge the District Court's subject matter jurisdiction because Oklahoma Constitution Article I § 3 provided exclusive jurisdiction to the United States

2

Petitioner also requests an evidentiary hearing on his application for post-conviction relief.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### I. Petitioner's appellate counsel was not ineffective

This Court finds that Petitioner's appellate counsel was not ineffective, and Petitioner has failed to meet his burden to show otherwise. The Court of Criminal Appeals in *Logan v. State*, 2013 OK CR 2, ¶ 5, 293 P.3d at 973, held that post-conviction claims of ineffective assistance of appellate counsel are reviewed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Smith v. Robbins*, 528 U.S. 259, 289, 120 S.Ct. 746, 765, 145 L.Ed.2d 756 (2000) ("[Petitioner] must satisfy both prongs of the *Strickland* test in order to prevail on his claim of ineffective assistance of appellate counsel."). Petitioner must show (1) deficient performance, by demonstrating that his appellate counsel's conduct was objectively unreasonable, and (2) resulting prejudice, by demonstrating a reasonable probability that, but for appellate counsel's unprofessional error, the result of his appeal would have been different. *See Logan*, 2013 OK CR 2, ¶ 5, 293 P.3d at 973. A court considering an ineffective assistance of counsel claim must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Harrington v. Richter*, 562 U.S. 86, 104, 131 S.Ct. 770, 787, 178 L.Ed.2d 624 (2011) (citing *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065).

The Court of Criminal Appeals has held that when evaluating a claim of ineffective assistance of appellate counsel, it is unnecessary to address the performance prong if the petitioner fails to establish prejudice. *Logan*, 2013 OK CR 2, ¶ 7, 293 P.3d at 974.

> This Court notes that if the State can show that a claim now asserted (as an example of ineffective appellate assistance) would have been properly *rejected* on direct appeal, then the postconviction applicant will be unable to show prejudice, and the assertion of ineffective appellate assistance for failing to raise that claim should be rejected accordingly.

3

*Id.* (emphasis in original).

A. <u>Law regarding insanity and competency</u>

In order to accurately address Petitioner's contentions raised in Proposition I of his application for post-conviction relief, a brief discussion of the law regarding insanity and competency is necessary. Insanity exists as an affirmative defense to a criminal act. *See* 22 O.S.2008 § 1161 ("An act committed by a person in a state of insanity cannot be punished as a public offense, nor can the person be tried, sentenced to punishment, or punished for a public offense while such person is insane."); 21 O.S. § 152(4) ("All persons are capable of committing crimes, except those belonging to the following classes: Mentally ill persons, and all persons of unsound mind, including persons temporarily or partially deprived of reason, upon proof that at the time of committing the act charged against them they were incapable of knowing its wrongfulness."); *Nauni v. State*, 1983 OK CR 136, ¶ 39, 670 P.2d 126, 134. The State, in a criminal prosecution, may rely upon a presumption that the defendant is sane. *Cox v. Page,* 1967 OK CR 152, ¶ 12, 431 P.2d 954, 956. The *M'Naghten* Rule is the test of criminal responsibility utilized in this State which holds that a person who was capable of distinguishing right from wrong *at the time an act was committed* is to be held responsible for that act. *See Revard v. State*, 1958 OK CR 106, 332 P.2d 967; *Suits v. State*, 1974 OK CR 159, ¶ 19, 507 P.2d 1261, 1264. This rule is applied when a defense of insanity is raised to determine whether an accused shall be held responsible for the commission of the act charged. *Matter of M.E.*, 1978 OK CR 26, ¶ 31, 584 P.2d 1340, 1347.

Competency, is defined as "the *present ability* of a person arrested for or charged with a crime to understand the nature of the charges and proceedings brought against him or her and to effectively and rationally assist in his or her defense." 22 O.S. § 1175.1(1)(emphasis added); *Dusky v. United States*, 362 U.S. 402, 80 S.Ct 788, 4 L.Ed.2d 824 (1960)(test for competency "must be

4

whether he has sufficient *present ability* to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.")(emphasis added). Defendants are presumed competent, and it is their burden to show otherwise. *See* 22 O.S. § 1175.4(B); *Walker v. State*, 1992 OK CR 10, ¶ 9, 826 P.2d 1002, 1005.

The determination of whether a sufficient doubt has been raised regarding a defendant's competency is left to the trial judge. *Gilbert v. State*, 1997 OK CR 71, ¶ 4, 951 P.2d 98, 103. Facts sufficient to raise a doubt concerning a defendant's competency to stand trial must be presented to the court, and merely having a mental illness or receiving treatment for a mental condition is not sufficient. *Id.* at ¶¶ 6-9; *see also Fox v. State*, 1974 OK CR 120, ¶ 17, 524 P.2d 60, 65 ("It is not sufficient for the defense counsel merely to say that he is unable to communicate with his client; and, that his client's mental processes seem to waver while he is discussing the case with him; and, that his client does not understand the seriousness of a charge, to constitute justification for a finding that the defendant is mentally incompetent. In considering this question it is necessary that we consider the entire record."); *Middaugh v. State*, 1988 OK CR 295, ¶ 7, 767 P.2d 432, 434–35 (mere fact appellant had been treated for a mental condition in the past, had a heart condition, and had a nervous condition was not enough to raise a sufficient doubt as to his mental capacity to stand trial); *Siah v. State*, 1992 OK CR 59, ¶¶ 8-10, 837 P.2d 485, 487 (lack of memory from substance abuse, trauma or a disease, does not create, per se, a lack of competence to stand trial).

When evidence raises a "bona fide doubt" as to a defendant's competence, the trial judge must hold a hearing on the issue. *Pate v. Robinson,* 383 U.S. 375, 385, 86 S.Ct. 836, 842 15 L.Ed.2d 815 (1966). The trial court may consider the defendant's behavior, his demeanor at trial,

5

and any expert evidence on the issue. *Drope v. Missouri,* 420 U.S. 162, 180, 95 S.Ct. 896, 908, 43 L.Ed.2d 103 (1975); *Grant v. State,* 2009 OK CR 11, ¶ 8, 205 P.3d 1, 8. Typically, the court will rely heavily on the perceptions of defense counsel, whose job it is to consult with his client personally, explain the proceedings to him, and obtain relevant information from him about how to proceed. *See Bryson v. Ward,* 187 F.3d 1193, 1201 (10th Cir.1999). It is well settled that the question of an accused's present competency to stand trial is an entirely different matter than the defense of insanity. *See Miller v. State,* 1988 OK CR 29, ¶ 8, 751 P.2d 733, 736-37.

B. Failure to raise ineffective assistance of trial counsel for not filing motion for determination of competency

Petitioner first contends that his appellate counsel was ineffective for not raising the issue of trial counsel's ineffectiveness regarding trial counsel's failure to file a motion to determine Petitioner's competency. However, this Court finds that Petitioner has failed to demonstrate prejudice, as the outcome of his direct appeal would not have been different had his appellate counsel raised this issue.

As noted above, defendants are presumed competent, and it is their burden to show otherwise. *See* 22 O.S. § 1175.4(B); *Walker,* 1992 OK CR 10, ¶ 9, 826 P.2d at 1005. Petitioner points to nothing in the record which would indicate that he was not competent at the time of his trial. Moreover, this Court finds that nothing in the record indicates that the trial judge or Petitioner's trial counsel had any doubts regarding his competence at the time of his trial. In fact, Petitioner's trial counsel represented to the trial court that he believed his client was in fact competent, notwithstanding his defense of insanity. *Trial Transcript, Volume IV,* p. 871, lines 15-18. The fact of his alleged mental illness was well known to his trial counsel, as he raised insanity as a defense. Merely because he had, at some point, been diagnosed with a mental illness is simply not enough to raise a doubt about his present competency. *See Gilbert,* 1997 OK CR 71, ¶¶ 6-9,

6

951 P.2d at 104; *Fox,* 1974 OK CR 120, ¶ 17, 524 P.2d at 65; *Middaugh,* 1988 OK CR 295, ¶ 7, 767 P.2d at 434–35; *Siah v. State,* 1992 OK CR 59, ¶¶ 8-10, 837 P.2d at 487.

Had trial counsel or the trial court harbored any doubts regarding Petitioner's competence as a result of his mental illness, they would have undoubtedly addressed that issue and adjudicated it before trying the matter. However, because his trial counsel did not raise this issue, taken in conjunction with the presumption of competency and the lack of any affirmative evidence that Petitioner was incompetent, one can easily infer that there was no "bona fide doubt" as to Petitioner's competency. Petitioner's trial counsel in fact represented to the court that there was not. Accordingly, this Court finds that Petitioner has simply failed to satisfy his burden on his application for post-conviction relief. Petitioner must present some proof of his assertions rather than bald allegations against his appellate attorney. Without such proof, this Court is entitled to rely upon the presumption of the regularity to which all judgments and sentences are entitled which appear regular upon their face. *Hatch v. State,* 1996 OK CR 37, ¶ 57, 924 P.2d 284, 296. As aptly stated by the Court of Criminal Appeals:

> It is fundamental that where a petition for writ of habeas corpus, or for post conviction appeal, is filed, the burden is upon the petitioner to sustain the allegations of his petition, and that every presumption favors the regularity of the proceedings had in the trial court. Error must affirmatively appeal, and is never presumed.

*Russell v. Cherokee County Dist. Ct.,* 1968 OK CR 45, ¶ 5, 438 P.2d 293, 294. Had Petitioner's appellate counsel raised this argument on direct appeal, it would have undoubtedly been rejected. Thus, this Court finds that he cannot demonstrate any resulting prejudice for failing to raise it in his direct appeal. *See Logan,* 2013 OK CR 2, ¶ 7, 293 P.3d at 974. Accordingly, Petitioner's claim is denied.

 C. <u>Failure to raise ineffective assistance of trial counsel for not filing a motion to dismiss for lack of jurisdiction based on mental illness or defect</u>

Petitioner next contends that his appellate counsel was ineffective for not raising the issue of trial counsel's ineffectiveness regarding trial counsel's failure to file a motion to dismiss for lack of jurisdiction because his mental illness or defect rendered him not criminally responsible. However, this Court concludes that Petitioner has failed to demonstrate prejudice, as the outcome of his direct appeal would not have been different had his appellate counsel raised this issue.

In this claim, Petitioner confuses and conflates affirmative defenses with jurisdiction. 21 O.S. § 152(4) provides that:

> All persons are capable of committing crimes, except those belonging to the following classes: Mentally ill persons, and all persons of unsound mind, including persons temporarily or partially deprived of reason, upon proof that at the time of committing the act charged against them they were incapable of knowing its wrongfulness.

*See also Pugh v. State*, 1989 OK CR 70, ¶ 5, 781 P.2d 843, 844. In essence, Petitioner argues that when he alleged insanity as a defense, it acted as a jurisdictional barrier for a court to hear his criminal case. However, this is incorrect.

Insanity is an affirmative defense and presents a fact issue for a jury. *See Gonzales v. State*, 1964 OK CR 1, ¶ 19, 388 P.2d 312, 317 (noting that insanity is a defense and defendant must raise it); *Hodges v. State*, 182 P. 260, 263, 16 Okla.Crim.183 (1919) (defendant's theory of insanity "presented an issue of fact entirely for the consideration and determination of the jury."); *January v. State*, 181 P 514, 517, 16 Okla.Crim. 166 (1919)(same). Jurisdiction, on the other hand, "when applied to courts, is defined to be the power to hear and determine a cause." *See Ex parte Wade*, 100 P. 35, 38, 2 Okla. Crim 100 (1909). The existence of insanity as an affirmative defense, when raised by a defendant in a criminal case, does not deprive the district court of power to hear and determine that cause. District courts have general unlimited jurisdiction over all justiciable matters. *See* Okla. Constitution, Article 7, § 7. Whether a person is not guilty of a crime by reason of

8

insanity is one of those justiciable matters, and Oklahoma statutes provide for the opportunity to have that factual issue adjudicated. *See* 22 O.S. §§ 1161-1170. Indeed, the court must be able to exercise jurisdiction over a defendant claiming insanity as a defense, in order to properly adjudicate the fact of insanity.

This Court concludes that Petitioner's claim to the contrary is entirely baseless and contrary to law. Moreover, this Court finds that it is contrary to fact, as the jury clearly considered, and rejected, his defense of insanity. Merely raising insanity as an affirmative defense did not cause the district court to lose its power to hear and determine this case. Rather, it simply gave the court and a jury a legal principle to adjudicate, as applied to the set of facts before it in order to determine the case. Had Petitioner's appellate counsel raised this argument on direct appeal, this Court finds that it would have undoubtedly been rejected. Thus, he cannot demonstrate any resulting prejudice for failing to raise it in his direct appeal. *See Logan*, 2013 OK CR 2, ¶ 7, 293 P.3d at 974. Accordingly, his claim is denied.

D. Failure to raise ineffective assistance of trial counsel regarding Petitioner's competency and plea negotiations

Petitioner last appears to contend that his appellate counsel was ineffective for not raising the issue of trial counsel's ineffectiveness regarding Petitioner's competency and his ability to understand plea negotiations. However, this Court finds that Petitioner has failed to demonstrate prejudice, as the outcome of his direct appeal would not have been different had his appellate counsel raised this issue.

As noted above, defendants are presumed competent, and it is their burden to show otherwise. *See* 22 O.S. § 1175.4(B); *Walker*, 1992 OK CR 10, ¶ 9, 826 P.2d at 1005. This Court finds that Petitioner points to nothing in the record which would indicate that he was not competent to engage in plea negotiations. Indeed, Petitioner offers no such evidence. In fact, in addition to

representing to the trial court that his client was competent, Petitioner's attorney further represented that a pela offer had been made to Petitioner, which he had rejected, resulting in the case being tried. *Trial Transcript, Volume IV,* p. 872, lines 1-8. In an attempt to support his proposition, Petitioner merely bakes the bare, broad assertion that he could not comprehend the consequences of accepting or rejecting a plea. This Court concludes that this singular statement, which is all Petitioner offers in the way of evidence to support his claim, is wholly insufficient to satisfy his burden on his application for post-conviction relief. Petitioner must present some proof of his assertions rather than bald allegations. Without such proof, this Court is entitled to rely upon the presumption of the regularity to which all judgments and sentences are entitled which appear regular upon their face. *Hatch v. State*, 1996 OK CR 37, ¶ 57, 924 P.2d 284, 296. As aptly stated by the Court of Criminal Appeals:

> It is fundamental that where a petition for writ of habeas corpus, or for post conviction appeal, is filed, the burden is upon the petitioner to sustain the allegations of his petition, and that every presumption favors the regularity of the proceedings had in the trial court. Error must affirmatively appeal, and is never presumed.

*Russell*, 1968 OK CR 45, ¶ 5, 438 P.2d at 294. Had Petitioner's appellate counsel raised this argument on direct appeal, this Court finds that it would have undoubtedly been rejected. Thus, he cannot demonstrate any resulting prejudice for failing to raise it in his direct appeal. *See Logan*, 2013 OK CR 2, ¶ 7, 293 P.3d at 974. Accordingly, Petitioner's claim is denied.

### II. The State had jurisdiction to try Petitioner and his appellate counsel was not ineffective for failing to raise the issue

Petitioner next asserts that because Tulsa County is "Indian Country," the State lacked subject matter jurisdiction over Petitioner's offense "because exclusive jurisdiction was ceded to the United States under Okla. Const. art I, § 3." However, Petitioner's argument is directly contradicted by a long line of decisions from the Supreme Court of the United States and the

OCCA, upholding the authority of the State of Oklahoma and other States to try non-Indians for crimes against non-Indians within Indian Country. *U.S. v. McBratney,* 104 U.S. 621, 624 (1881) ("The State of Colorado, by its admission into the union by Congress . . . has acquired criminal jurisdiction over its own citizens and other white persons throughout the whole of the territory within its limits, including the Ute Reservation, and that reservation is no longer within the sole and exclusive jurisdiction of the United States."); *Draper v. U.S.,* 164 U.S. 240, 245 (1896) ("The mere reservation of jurisdiction and control by the United States of 'Indian lands' does not of necessity signify a retention of jurisdiction in the United States to punish all offenses committed on such lands by others than Indians or against Indians"); *U.S. v. Ramsey,* 271 U.S. 467, 559-60 (1926) ("The authority of the United States under section 2145 to punish crimes occurring within the state of Oklahoma, not committed by or against Indians, was ended by the grant of statehood"); *Goforth v. State,* 1982 OK CR 48, 644 P.2d 114, 116 (despite the broad language of 18 U.S.C. §§ 1152 and 1153 and Article I § 3 of the Oklahoma Constitution, federal jurisdiction "does not apply to crimes committed by non-Indians against non-Indians, which are subject to state jurisdiction"); *State v. Klindt,* 1989 OK CR 75, 782 P.2d 401, 403 ("Proof of one's status as an Indian under federal Indian law is necessary before one can claim exemption from prosecution under state law. This is necessary because federal jurisdiction over crimes committed in Indian Country does not extend to crimes committed by non-Indians against non-Indians.") (citations omitted); *McGirt v. Oklahoma,* 140 S.Ct. 2452, 2479 (2020) (The Major Crimes Act, 18 U.S.C. § 1153, "applies only to certain crimes committed in Indian country by Indians" and § 1152 "applies to a broader range of crimes by or against Indians in Indian country. States are otherwise free to apply their criminal laws in cases of non-Indian victims and defendants, including within Indian country.") (citation omitted).

This Court concludes that Petitioner's argument is contrary to law and completely without merit. Further, this Court finds that Petitioner's argument that the State lacks subject matter jurisdiction of all offenses in "Indian Country" because exclusive jurisdiction was ceded to the United States under Okla. Const. art I, § 3 also contradicts well-established authority from the Supreme Court of the United States ("Supreme Court") on this topic. [1]*See* Application pp. 14-16. In *Draper v. U.S.* 164 U.S.240, 243-47 (1896), the Supreme Court considered language from the Enabling Act and Constitution of Montana which is nearly identical to the language contained in the Enabling Act of Oklahoma, Fifty-ninth Congress, Sess. 1, Ch. 3335, p. 279-80, and Article 1 § 3 of the Oklahoma Constitution. *See* 11 Okl. Op. Att. Gen 345, *2 (1979). Following a review of this language, the *Draper* court concluded:

> As equality of statehood is the rule, the words relied on here to create an exception cannot be construed as doing so, if, by any reasonable meaning, they can be otherwise treated. The mere reservation of jurisdiction and control by the United States of 'Indian lands' does not of necessity signify a retention of jurisdiction in the United States to punish all offenses committed on such lands by others than Indians or against Indians.

*Draper*, 164 U.S. at 244-45. The *Draper* court further clarified that the language at issue, reserving jurisdiction and control over Indian lands to the United States, "was not intended to deprive that

---

[1] Petitioner's argument also contradicts authority from the Supreme Court of Oklahoma which interprets the disclaimer provision of O.S. Const. Art. 1 §. 3. Specifically, in *Currey v. Corp. Comm'n of Okla.* 1979 OK 89, 617 P.2d 177, 179, the Supreme Court of Oklahoma explained:

> Oklahoma's disclaimer of right and title to Indian lands is a disclaimer of proprietary rather than governmental interests. 'The State may well waive its claim to any right or title to the lands and still have all of its political or police power with respect to the actions of the people on those lands, as long as that does not affect the title to the land.'

*Id.*, (quoting from *Organized Village of Kake v. Egan*, 369 U.S. 60, 82 S.Ct. 562, 567 (1962)). The *Currey* court ultimately held that the Oklahoma Corporation Commission could regulate oil and gas activity on Indian lands because Art. 1 § 3 does not envision exclusive federal jurisdiction. *See Currey*, 617 P.2d at 180-81

state of power to punish for crimes committed on a reservation or Indian lands by other than Indians or against Indians . . ." By analogy, the nearly identical language contained in the Oklahoma Enabling Act, and Article 1 § 3 of the Oklahoma Constitution likewise does not deprive the State of Oklahoma of its authority to try non-Indians for crimes against non-Indians within Indian Country. *See id.*

Petitioner never claims that he or the victims of his offenses were Indian. Instead, he only argues, based on the Oklahoma Enabling Act and Oklahoma Constitution Art. 1 § 3, that the state of Oklahoma was without authority to try him because he committed his offense in "Indian Country." When faced with this same argument and nearly identical language, the *Draper* court ultimately held that the state of Montana had jurisdiction to try the non-Indian offender, who committed his offense on the Ute Indian reservation, and the federal district court did not. *See Draper*, 164 U.S. at 247. Likewise, this Court rejects Petitioner's argument and finds that the State has jurisdiction in his case. Petitioner's claim is denied.

To the extent Petitioner attempts to assert that his appellate counsel was ineffective for failing to raise this claim, this Court finds that he has entirely failed to meet his burden to show how his appellate counsel's performance was deficient or how he suffered any prejudice. Petitioner's "merely conclusory, unprovable, or unspecific claims of ineffective assistance of appellate counsel do not raise a genuine issue of material fact" and it is not the job of this Court to comb through the record or the law looking for support for Petitioner's claims. *Logan*, 2013 OK CR 2, ¶ 23, 293 P.3d 969, 978–79. Petitioner must present some proof of his assertions rather than bald allegations against his appellate attorney. Without such proof, this Court is entitled to rely upon the presumption of the regularity to which all judgments and sentences are entitled which appear regular upon their face. *Hatch v. State*, 1996 OK CR 37, ¶ 57, 924 P.2d 284, 296. As aptly

stated by the Court of Criminal Appeals:

> It is fundamental that where a petition for writ of habeas corpus, or for post conviction appeal, is filed, the burden is upon the petitioner to sustain the allegations of his petition, and that every presumption favors the regularity of the proceedings had in the trial court. Error must affirmatively appeal, and is never presumed.

*Russell*, 1968 OK CR 45, ¶ 5, 438 P.2d at 294. Repeated conclusions that appellate counsel was ineffective are not sufficient proof. *Logan*, 2013 OK CR 2, ¶ 23, 293 P.3d at 978–79.

Petitioner's admission that "[t]his case presents a matter of first impression . . ." or a new legal argument, undermines his own brief assertion that his prior counsel were ineffective. Specifically, since it would not be "objectively unreasonable" for appellate counsel not to raise a completely novel legal argument, Petitioner's own admission belies his argument that his appellate counsel was ineffective when they failed to raise this argument. *See Logan*, 293 P.3d at 973. Thus, this Court finds that he has failed to show how his appellate counsel's performance was objectively unreasonable or fell below professional standards. Further, this Court finds that Petitioner fails to explain how his appellate counsel's failure to raise this jurisdictional argument would result in a different outcome in the result of the proceeding. Had Petitioner's appellate counsel raised this argument on direct appeal, it would have undoubtedly been rejected. Thus, he cannot demonstrate any resulting prejudice for failing to raise it in his direct appeal. Therefore, his claim is denied.

### III. An evidentiary hearing is not necessary

Petitioner requests this Court grant him an evidentiary hearing. However, an evidentiary hearing is only required when there is a material issue of fact. 22 O.S.2011, § 1084. There is no constitutional or statutory right to an evidentiary hearing on post-conviction review if a petitioner's application can be disposed of on the pleadings, and no material issue of fact exists. *See Fowler v. State*, 1995 OK CR 29, ¶ 8, 896 P.2d 566, 570–71. As Petitioner has not established that a material

fact exists, the Court denies his request.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Petitioner's application for post-conviction relief is **DENIED**.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Petitioner's request for an evidentiary hearing is **DENIED**.

**SO ORDERED** this _17_ day of _May_, 2021.

_____
DAWN MOODY
DISTRICT COURT JUDGE

## CERTIFICATE OF MAILING

I certify that on the date of filing, a certified copy of the above and foregoing Order was placed in the United States Mail with sufficient postage affixed thereto, addressed to:

*Counsel for Petitioner*
Debra Hampton.
3126 South Boulevard, #304
Edmond, OK 73013

and that a true and correct copy of the above and foregoing Order was hand-delivered to:

*Counsel for Respondent*
Matt Kehoe
Assistant District Attorney
Tulsa County District Attorney's Office
Tulsa County Courthouse

DON NEWBERRY
TULSA COUNTY COURT CLERK

BY: _____
**DEPUTY COURT CLERK**