IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

(1) LUBUTO MUSONDA,　　　　　)
　　　　　　Petitioner,　　　　　)
　　　　　　　　　　　　　　　　)
-vs-　　　　　　　　　　　　　　)　　　　23-cv-00030-CVE-CDL
　　　　　　　　　　　　　　　　)
(1) KAMERON HARVANEK,　　　　)
　　　　　　Respondent　　　　　)

**PETITIONER'S RESPONSE TO RESPONDENT'S PRE-ANSWER MOTION TO DISMISS HABEAS CORPUS PETITION AS TIME-BARRED UNDER THE STATUTE OF LIMITATIONS**

COMES NOW, the Petitioner, **LUBUTO MUSONDA**, through his attorney Debra K. Hampton, and submits this as set forth above. In support thereof, Petitioner states:

**ARGUMENT AND AUTHORITY**

The principle behind the Constitution is protecting the basic assumption of innocence— or being "innocent until proven guilty." The Constitution does not mention this right by name. Instead, the general principle comes from English common law. It has since been backed up firmly in numerous court rulings, such as *Coffin v. United States*, 156 U.S. 432, 453 (1895) (The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law).

**Petitioner's Petition should not be time barred because when a question of sanity arises it questions a person's requisite intent, for example, if a person "is unable to appreciate the usual, natural and probable consequences of his acts; that he is unable to distinguish right from wrong…" then the person is factually innocent.**

Evidence establishing the fact Oklahoma could not rebut the presumption that Petitioner was insane at the time of the alleged offense is crucial to the Respondent's position that Petitioner

1

has not alleged he was factually innocent. The Petitioner presented expert testimony from psychologist, Curtis Grundy Ph.D., who gave extensive trial testimony (Tr. IV 701-866). The State presented no expert testimony to rebut Dr. Gundy's opinion that Petitioner was delusional with disorganized thoughts, and this was not the result of voluntary intoxication. Dr. Grundy testified:

> And then I received records from St. Francis Hospital, the emergency department, which is where he was in the morning -- early morning hours before this event happened.

(Tr. IV 706)

Petitioner had sought help for the mental disturbances earlier that day which clearly demonstrates that something was going on serious enough to make him want to get help but was turned away. Dr. Grundy further testified:

> And then I received records from Hillcrest Medical center, which is where he later after he bonded out and got -- was taken, again, by EMSA, in relationship for some evaluation and treatment. And then I reviewed records from Family and children's services, which is a mental health agency that provides services to individuals and family members. And then I received records from the David L. Moss Criminal Justice center.

(Tr. IV 706-707).

Petitioner entered a plea of Not Guilty by Reason of Insanity ("NGRI") and he maintains that he could not form the requisite intent of committing an offense thus he is factually innocent because he lacked moral culpability by his reason of insanity. As a general rule a claim of actual innocence can be based on the failure to establish an element of the offense for which the defendant was prosecuted. *See Bousley v. United States*, 523 U.S. 614, 623–24 (1998)[1]; *United States v. Bowen*, 936 F.3d 1091, 1108 (10th Cir. 2019). Under the Due Process Clause, a criminal defendant cannot be convicted of a crime unless the State proves, beyond a reasonable doubt, every essential element of the crime charged. See *Jackson v. Virginia,* 443 U.S. 307, 316 (1979); *In re Winship*,

---

[1] Deputy Solicitor General Dreeben argued the cause for the United States.

397 U.S. 358, 364 (1970). Here, the Respondent cannot prove that Petitioner's conduct violated the elements of the statutes because he was incapable of knowing that his actions violated any law.

In *Foucha v. Louisiana*, 504 U.S. 71, 74 (1992), the State Court found that Foucha was not guilty by reason of insanity, finding he "is unable to appreciate the usual, natural and probable consequences of his acts; that he is unable to distinguish right from wrong…." In *Clark v. Arizona*, 548 U.S. 735 (2006), the United States Supreme Court catalogued the diverse strains of the insanity defense that States have adopted to absolve mentally ill defendants of criminal culpability. Two— the cognitive and moral incapacity tests—appear as alternative pathways to acquittal in the landmark English ruling *M'Naghten's Case*, 10 Cl. & Fin. 200, 8 Eng. Rep. 718. The moral incapacity test asks whether a defendant's illness left him unable to distinguish right from wrong with respect to his criminal conduct. As the Petitioner argued in his Petition regarding the fact that Oklahoma follows the *M'Naghten* test of legal insanity. 21 O.S. 1981, § 152; *Garrett v. State*, 1978 OK CR 126, 586 P.2d 754, and that would demonstrate the Petitioner is confined unlawfully and is thus factually innocent.

Petitioner argues that his petition should be considered timely where a proper showing of actual innocence by a habeas petitioner enables the petitioner to pursue a claim otherwise barred on grounds other than the merits. "[T]he petitioner's claim of actual innocence does not serve as the basis for granting habeas relief. Instead, the claim of actual innocence is joined with a procedurally defaulted claim to serve as a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Taylor v. Powell,* 7 F.4th 920, 926 (10th Cir. 2021) (footnote and internal quotation marks omitted); see *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar or expiration of the statute

of limitations."). Also known as the "miscarriage of justice" exception, the actual-innocence exception applies "when a petitioner can demonstrate that he is actually innocent of the crime of conviction." *Taylor*, 7 F.4th at 926. NOT GUILTY BY REASON OF INSANITY and the facts indicate that Petitioner was insane is a prima facia claim of actual innocence and Petitioner's conviction resulted from constitutional error.

## CONCLUSION

WHEREFORE, the Petitioner respectfully prays this Court will Order the Respondent to respond to the merit of his claims. This Court should be reminded that the Oklahoma Court of Criminal Appeals ("OCCA") refused to address any issue regarding Petitioner's Not Guilty by Reason of Insanity claims which does not preclude Federal review, but de novo review.

Respectfully submitted,

/s/ DEBRA K. HAMPTON
DEBRA K. HAMPTON, OBA # 13621
Hampton Law Office, PLLC
3126 S. Blvd., # 304
Edmond, OK 73013
(405) 250-0966
(866) 251-4898 (fax)
hamptonlaw@cox.net
Attorney for Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Office of the Attorney General fhc.docket@oag.state.ok.us

I hereby certify that on April 3, 2023, I will mail a copy of the same to Petitioner who is not registered participants of the ECF System.

/s/ DEBRA K. HAMPTON
DEBRA K. HAMPTON