**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LUBUTO MUSONDA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 23-CV-0030-CVE-CDL** |
| | ) | |
| **MIKE ROGERS,[1]** | ) | |
| | ) | |
| **Respondent.** | ) | |

**OPINION AND ORDER**

Petitioner Lubuto Musonda, a state prisoner appearing through counsel, brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Tulsa County, Case No. CF-2015-770. Respondent Mike Rogers has moved to dismiss the petition, arguing that Musonda failed to file it within the one-year statute of limitations prescribed in 28 U.S.C. § 2244(d)(1). Having considered the petition (Dkt. # 1), respondent's motion to dismiss (Dkt. # 9) and brief in support (Dkt. # 10), and Musonda's response in opposition to the motion (Dkt. # 11), the Court grants respondent's motion and dismisses the petition with prejudice, as barred by the one-year statute of limitations.

I.   BACKGROUND

Musonda was convicted in District Court of Tulsa County, Case No. CF-2015-770 of child abuse by injury, in violation of OKLA. STAT. tit. 21, § 843.5 (Count 3), second degree robbery, in violation of OKLA. STAT. tit. 21, § 791 (Count 4), assault and battery on a police officer, in violation

---

[1] Musonda presently is incarcerated at the Lexington Correctional Center, in Lexington, Oklahoma. The Court therefore substitutes the Lexington Correctional Center's current warden, Mike Rogers, in the place of Kameron Harvanek, as party respondent. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

of OKLA. STAT. tit. 21, § 649 (Count 5), assault and battery, in violation of OKLA. STAT. tit. 21, § 644 (Count 6), and cruelty to animals, in violation of OKLA. STAT. tit. 21, § 1685 (Count 7). Dkts. # 10-1, 10-2, 10-3, 10-4, 10-5. On October 24, 2016, Musonda received a sentence of ten years on Count 3, seven years on Count 4, one year on Count 5, ninety days on Count 6, and ninety days on Count 7, with all terms to be served consecutively. *Id.*

Musonda directly appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals (OCCA), which denied relief on January 10, 2019. Dkt. # 10-6. Musonda then filed an application for post-conviction relief on January 13, 2020, which he amended on January 28, 2021. Dkts. # 10-7, 10-8, 10-9. The state district court denied the application, and on November 30, 2021, the OCCA affirmed the denial. Dkts. # 10-11, 10-12. Musonda filed his federal habeas petition on January 24, 2023, seeking review of his claims of ineffective assistance of appellate counsel first raised in his application for post-conviction relief. Dkt. # 1, at 16-23.[2]

II.   DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] The Court's citations refer to the CM/ECF header pagination.

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D).  See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).

a.   The Applicable Limitations Period

Musonda invokes § 2244(d)(1)(B), claiming that he was placed in therapeutic seclusion due to his mental condition and that this seclusion was a state-created impediment to filing his petition. Dkt. # 1, at 8-9.  Musonda provides no facts, however, supporting this assertion.  He fails to supply the dates during which his therapeutic seclusion was in effect, allege that he was deprived the ability to send legal correspondence while secluded, or discuss how the therapeutic seclusion violated the Constitution or federal law.  The record reflects that Musonda, through counsel, filed a direct appeal and an application for post-conviction relief in state court while incarcerated. Musonda does not explain why the conditions of his imprisonment did not impede those efforts yet prevented the earlier filing of his federal habeas action.  Aragon v. Williams, 819 F. App'x 610, 613 (10th Cir. 2020) (explaining that § 2244(d)(1)(B) "typically applies when the state thwarts a prisoner's access to the courts" and that, to trigger the provision, "the state-created impediment must have actually prevented the inmate from filing his application").[3]  The Court therefore determines that Musonda has failed to demonstrate the applicability of § 2244(d)(1)(B).

Since Musonda has failed to allege facts triggering 28 U.S.C. § 2244(d)(1)(B), (C), or (D), the one-year limitation period for his petition began to run pursuant to § 2244(d)(1)(A) on the date on which the judgment became final.  Musonda was afforded 90 days from the OCCA's January

---

[3] The Court cites all unpublished decisions herein as persuasive authority.  FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

10, 2019, denial of his direct appeal to seek a writ of certiorari from the United States Supreme Court.  <u>See</u> 28 U.S.C. § 2101(c).  Thus, section 2244(d)(1)'s one-year limitation period for seeking federal habeas relief began to run on April 11, 2019, and expired one year later, on April 11, 2020.  <u>See</u> <u>Harris v. Dinwiddie</u>, 642 F.3d 902, 906 n.6 (10th Cir. 2011).  Section 2244(d)(1)(A) therefore bars Musonda's January 24, 2023, petition absent statutory or equitable tolling or a showing of actual innocence.

        b.   <u>Statutory and Equitable Tolling</u>

Under 28 U.S.C. § 2244(d)(2), the limitation period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim."  28 U.S.C. § 2244(d)(2).  Musonda sought postconviction relief on January 13, 2020, and the OCCA affirmed the state district court's denial of his application on November 30, 2021.  Dkts. # 7, 8, 9, 11, 12.  Musonda's April 11, 2020, deadline to seek federal habeas relief was therefore tolled 688 days, to February 28, 2022.  Musonda did not file his federal habeas petition until January 24, 2023.  Thus, the tolling afforded under § 2244(d)(2) is insufficient to render his petition timely.

While the one-year statute of limitations also may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000).  Musonda has not argued that he is entitled to equitable tolling, and the record before the Court does not demonstrate such entitlement.  <u>See</u> <u>Yang v. Archuleta</u>, 525 F.3d 925, 928 (10th Cir. 2008) ("An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (alteration omitted) (quoting <u>Brown v. Barrow</u>, 512 F.3d 1304, 1307 (11th Cir. 2008))).

      c.  Actual Innocence Exception

In his response to the dismissal motion, Musonda invokes the equitable doctrine of actual innocence as a means of overcoming the AEDPA's statute of limitations.  Dkt. # 11, at 1-4. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" despite the "expiration of the statute of limitations."  McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). This equitable exception, however, applies "to a severely confined category."  Id. at 395.  Prisoners asserting actual innocence "must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  Fontenot v. Crow, 4 F.4th 982, 1030 (10th Cir. 2021) (internal quotation marks omitted) (quoting House v. Bell, 547 U.S. 518, 537-38 (2006)).   The standard "does not demand conclusive proof of exoneration; rather, it involves a probabilistic determination that, in light of all the evidence—old and new; admissible and inadmissible—more likely than not any reasonable juror would have reasonable doubt."  Id. at 1035 (internal citations and quotation marks omitted) (first quoting Case v. Hatch, 731 F.3d 1015, 1036 (10th Cir. 2013), then quoting House, 547 U.S. at 538)).

The actual-innocence gateway to federal habeas review requires factual innocence, "not mere legal insufficiency."  Pacheco v. El Habti, 62 F.4th 1233, 1241 (10th Cir. 2023) (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)).  Musonda contends that he is factually innocent because his mental condition prevented him from forming the requisite intent that constituted an element of the offense.  Dkt. # 11, at 1-4.  The Court need not address this argument, as Musonda has failed to present "new reliable evidence . . . that was not presented at trial."  Schlup v. Delo, 513 U.S. 298, 324 (1995).  Instead, Musonda relies on the trial testimony of his expert witness to support his assertion of actual innocence.  Dkt. # 11, at 2; see Fontenot v. Crow, 4 F.4th

982, 1031-34 (10th Cir. 2021) (adopting the view that evidence is "new" for purposes of the actual-innocence gateway if it was not presented to the fact finder during trial).

III.    CONCLUSION

Based on the foregoing, the Court grants respondent's dismissal motion (Dkt. # 9) and dismisses the petition, with prejudice, as barred by the one-year statute of limitations.  In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the procedural dismissal of the petition on statute-of-limitations grounds.  28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. the Clerk of Court shall note on the record the substitution of Mike Rogers in place of Kameron Harvanek as party respondent;

2. respondent's motion to dismiss (Dkt. # 9) is **granted**;

3. the petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice** as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations;

4. a certificate of appealability is **denied**; and

5. a separate judgment shall be entered in this matter.

**DATED** this 6th day of November, 2023.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

6